[No. B103769. Second Dist., Div. Five. Oct. 28, 1997.]

FLOYDELL DOWNS, Plaintiff and Appellant, v.
DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS
ANGELES et al., Defendants and Respondents.

## COUNSEL

King, Williams & Hanagami, King & Williams, Michael P. King, Wells & Thomas and Samuel J. Wells for Plaintiff and Appellant.

James K. Hahn, City Attorney, Thomas C. Hokinson, Chief Assistant City Attorney, Renee J. Laurents and Marie McTeague, Deputy City Attorneys, for Defendants and Respondents.

## OPINION

**GRIGNON, J.**—A cause of action under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) must be filed within one year of receipt of a right-to-sue letter from the California Department of Fair Employment and Housing (DFEH). An employee filed a charge of racial discrimination and harassment against his employer and supervisors

with the DFEH and the United States Equal Employment Opportunity Commission (EEOC). Pursuant to a work-sharing agreement between the DFEH and the EEOC, the charge was processed by the EEOC. The employee filed this FEHA action three months after receiving a right-to-sue letter from the EEOC, but more than one year after receiving a right-to-sue letter from the DFEH. The trial court ordered the action dismissed following the sustaining of a demurrer on the ground of statute of limitations. We conclude the one-year statute was equitably tolled during the processing of the employee's charge by the EEOC. Accordingly, this FEHA action was timely filed. We reverse.

### FACTS AND PROCEDURAL BACKGROUND

The EEOC has a work-sharing agreement with the DFEH. The agreement recognizes that the agencies share common goals and jurisdiction. In order to provide individuals with an efficient procedure for obtaining redress for their grievances under the relevant state and federal laws, the two agencies agreed to integrate their procedures to reduce duplication of effort. The EEOC and the DFEH each designated the other as its agent for receiving charges and agreed to forward to the other agency copies of all charges potentially covered by the other agency's statute. The EEOC and the DFEH also agreed each agency would have the initial responsibility for processing certain claims. The responsible agency was to notify the other agency of its final action. Rather than waiting to issue a right-to-sue letter at the end of the EEOC's investigation, the DFEH apparently routinely issues its right-to-sue letter at the time an investigation is deferred to the EEOC under the work-sharing agreement.

On March 15, 1993, plaintiff and appellant Floydell Downs filed a charge of racial discrimination and harassment in violation of title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) with the EEOC against defendants and respondents the Department of Water and Power of the City of Los Angeles, the City of Los Angeles, James R. Orosel, a district manager of the department, and Ronald D. Van Deest, an assistant district manager of the department (collectively DWP). On the same day, the EEOC automatically filed a copy of the charge with the DFEH under the work-sharing agreement.

That same day, DFEH sent a letter to Downs which provided as follows: "NOTICE TO COMPLAINANT AND RESPONDENT [¶] This is to advise you that subject complaint is being referred to the [DFEH] by the federal [EEOC]. The complaint will be filed in accordance with California Government Code Section 12960. This notice constitutes service pursuant to Government Code Section 12962. [¶] No response to the State is required by the respondent. [¶] The [EEOC] will be responsible for the processing of this complaint. That

agency should be contacted directly for any discussion of resolution of the charge. DFEH is closing its case on the basis of 'processing waived to another agency.' [¶] NOTICE TO COMPLAINANT OF RIGHT-TO-SUE [¶] Since DFEH will not be issuing an accusation, this notice is also being provided to the complainant as notification of the right-to-file a private lawsuit in a California Justice, Municipal or Superior Court. Any court action under the Fair Employment and Housing Act must be taken within one year of the date of this notice. Refer to California Government Code Section 12965[, subdivision] (b). This right may be waived in the event a settlement is signed. Questions about the right to file under federal law should be referred to the EEOC. [¶] *You should be aware that DFEH does not retain case files beyond three years after a complaint is filed.*" (Emphasis in original.)

On September 29, 1995, the EEOC sent Downs a letter stating that the EEOC had concluded its investigation and was dismissing the charge because it was unable to establish any violation of the federal statutes. The notice also provided as follows: "Title VII and/or the Americans with Disabilities Act: This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. *If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue* <u>WITHIN 90 Days</u> *from your receipt of this Notice; otherwise your right to sue is lost.*" (Emphasis in original.)

On December 28, 1995, Downs filed the complaint in this case against DWP and others for violations of the FEHA, California Constitution, article I, section 8 and Civil Code section 51 et seq.

DWP demurred to the complaint on the grounds that the statute of limitations had expired for each cause of action, the complaint failed to allege causes of action on substantive grounds, governmental immunity relieved the individual defendants of liability, and the individuals were not "employers" under the FEHA.

The trial court sustained the demurrer, without leave to amend, on the ground of the statute of limitations. The trial court ordered the first amended complaint dismissed.

Downs appealed from the order of dismissal.[1]

---

[1]Downs also appealed from the denial of his motion for reconsideration. Because we are reversing the order of dismissal following the sustaining of the demurrer, the appeal from denial of the motion for reconsideration is moot.

## DISCUSSION

### Standard of Review

██ "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) "To meet [the] burden of showing abuse of discretion, the plaintiff must show how the complaint can be amended to state a cause of action. [Citation.] However, such a showing need not be made in the trial court so long as it is made to the reviewing court." (*William S. Hart Union High School Dist.* v. *Regional Planning Com.* (1991). 226 Cal.App.3d 1612, 1621 [277 Cal.Rptr. 645].)

### Equitable Tolling Doctrine

 ██ ██ Government Code section 12965, subdivision (b) provides that an action for violation of the FEHA must be filed within one year of receipt of a right-to-sue letter from the DFEH. (*Martin* v. *Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724 [35 Cal.Rptr.2d 181].)[2] ██ Here, the DFEH right-to-sue letter was issued in March 1993, and Downs did not file this action until December 1995, more than one year later. Downs contends that the one-year time limit provided in Government Code section 12965, subdivision (b) for filing his FEHA action was equitably tolled from March 13, 1993, until September 29, 1995, while he pursued his administrative remedies with the EEOC. We agree.

██ The fundamental purpose underlying statutes of limitations is to protect defendants from having to defend stale claims by providing notice in time to prepare a fair defense on the merits. (*Jolly* v. *Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112 [245 Cal.Rptr. 658, 751 P.2d 923].) A second policy

---

[2]An EEOC right-to-sue letter does not satisfy the jurisdictional requirement of exhaustion of administrative remedies as to FEHA actions. (*Martin* v. *Lockheed Missiles & Space Co.*, *supra*, 29 Cal.App.4th 1718, 1726.)

underlying the statutes is to require plaintiffs to diligently pursue their claims. (*Ibid.*) ▮ The "equitable tolling" doctrine evolved in the 1970's to toll statutes of limitations when defendants would not be prejudiced and plaintiffs, who had several legal remedies, pursued one such remedy reasonably and in good faith. (*Collier* v. *City of Pasadena* (1983) 142 Cal.App.3d 917, 922-923 [191 Cal.Rptr. 681].)

Three factors determine whether the statute of limitations is equitably tolled in a particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim. (*Collier* v. *City of Pasadena, supra,* 142 Cal.App.3d at p. 924; *Addison* v. *State of California* (1978) 21 Cal.3d 313, 319 [146 Cal.Rptr. 224, 578 P.2d 941].) "The timely notice requirement essentially means that the first claim must have been filed within the statutory period. Furthermore[,] the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim. Generally this means that the defendant in the first claim is the same one being sued in the second." (*Collier* v. *City of Pasadena, supra,* 142 Cal.App.3d at p. 924.) "The second prerequisite essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." (*Id.* at p. 925.) "The third prerequisite of good faith and reasonable conduct on the part of the plaintiff is less clearly defined in the cases. But in *Addison* v. *State of California, supra,* 21 Cal.3d 313[,] the Supreme Court did stress that the plaintiff filed his second claim a short time after tolling ended." (*Id.* at p. 926.)

▮ The doctrine of "equitable tolling" is supported by several important policy considerations. First, it serves the fundamental purpose of the statutes of limitations by providing timely notice of claims to defendants, without imposing the costs of forfeiture on plaintiffs. (*Collier* v. *City of Pasadena, supra,* 142 Cal.App.3d at p. 926; *Elkins* v. *Derby* (1974) 12 Cal.3d 410, 412 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839].) Second, it avoids the hardship of compelling plaintiffs to pursue several duplicative actions simultaneously on the same set of facts. (*Collier* v. *City of Pasadena, supra,* 142 Cal.App.3d at p. 926.) Third, it lessens the costs incurred by courts and other dispute resolution tribunals, because disposition of a case filed in one forum may render proceedings in the second unnecessary or easier and less expensive to resolve. (*Ibid.*) The doctrine of equitable tolling has been applied to various circumstances. (*Elkins* v. *Derby, supra,* 12 Cal.3d at p. 412 [personal injury action and workers' compensation proceedings]; *Addison* v. *State of*

*California, supra,* 21 Cal.3d 313, 319 [state action against public entity and federal civil rights lawsuit]; *Baillargeon* v. *Department of Water & Power* (1977) 69 Cal.App.3d 670, 683-684 [138 Cal.Rptr. 338] [supplemental disability benefits claim and workers' compensation proceedings].)

 ██ No California case has addressed whether the one-year time limit contained in Government Code section 12965, subdivision (b) may be equitably tolled during the pendency of administrative proceedings before the EEOC.[3] However, the Ninth Circuit, applying California law, addressed this precise issue in *Salgado* v. *Atlantic Richfield Co., supra,* 823 F.2d 1322, 1324, disapproved on other grounds in *Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 81-82 [276 Cal.Rptr. 130, 801 P.2d 373]. In *Salgado,* the employee filed a discrimination charge against the employer with the EEOC, which automatically filed the charge with the DFEH under their work-sharing agreement. Within a week, the DFEH summarily issued the employee a right-to-sue letter similar to the one issued in this case. More than nine months later, after the EEOC had completed its investigation, the EEOC also issued the employee a right-to-sue letter. After the EEOC issued its letter, and one year and thirty-seven days after the DFEH issued its right-to-sue letter, the employee filed an action in state court alleging discrimination under the FEHA and other federal and state causes of action. The employer removed the case to federal district court, which found that the FEHA cause of action was barred by the one-year statute of limitations.

The Ninth Circuit reversed, concluding that the EEOC investigation of the employee's claims tolled the one-year time limit contained in Government Code section 12965, subdivision (b), until the EEOC issued its right-to-sue letter. "[T]he procedures and remedies of Title VII and the [FEHA] are wholly integrated and related. Moreover, the practical relationship between Title VII and California's FEHA, embodied in the work sharing agreement between the EEOC and the [DFEH], provides a basis for tolling [section] 12965[, subdivision] (b)'s one-year statute of limitations during the pendency of the EEOC's administrative process." (*Salgado* v. *Atlantic Richfield Co., supra,* 823 F.2d at pp. 1325-1326, fn. omitted.) The Ninth Circuit concluded that the circumstances presented in *Salgado* were appropriate for application of the equitable tolling doctrine. "The state agency deferred the

---

[3]Regardless of whether the one-year time limit contained in Government Code section 12965, subdivision (b) is construed as a procedural statute of limitations (*Salgado* v. *Atlantic Richfield Co.* (9th Cir. 1987) 823 F.2d 1322, 1325) or as a condition on a substantive right which must be fulfilled as a prerequisite to filing an action (*Williams* v. *Pacific Mutual Life Ins. Co.* (1986) 186 Cal.App.3d 941, 949 [231 Cal.Rptr. 234]), it may be tolled by the doctrine of equitable tolling. (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, §§ 414-417, pp. 522-525; *Estate of Caravas* (1952) 40 Cal.2d 33, 42 [250 P.2d 593]; *Burnett* v. *New York Central R. Co.* (1965) 380 U.S. 424, 426-427 [85 S.Ct. 1050, 1053-1054, 13 L.Ed.2d 941].)

investigation and processing of [the employee's] claims to the EEOC. The administrative proceedings of the EEOC replaced those of the state agency. [The employee] had to await the outcome of the EEOC's processing of his claims in order to receive the full benefit of an investigation[.]" (*Id.* at p. 1326.) "If there is an established administrative mechanism in place to give notice to employers charged with a violation and to undertake efforts at conciliation, it would be anomalous indeed to hold that a claimant, whose use of this mechanism put him outside the relevant time period, could not have that period equitably tolled." (*Ibid.*) The decision in *Salgado* has been expressly reaffirmed in *Bouman* v. *Block* (9th Cir. 1991) 940 F.2d 1211, 1220 and *E.E.O.C.* v. *Farmer Bros. Co.* (9th Cir. 1994) 31 F.3d 891, 902-903.

We find the reasoning of the Ninth Circuit in *Salgado* persuasive and in accord with California law concerning the equitable tolling doctrine. Accordingly, we hold: When a charge of discrimination or harassment is timely filed concurrently with the EEOC and the DFEH, the investigation of the charge is deferred by the DFEH to the EEOC under a work-sharing agreement, and the DFEH issues a right-to-sue letter upon deferral, then the one-year period to bring a FEHA action is equitably tolled during the pendency of the EEOC investigation until a right-to-sue letter from the EEOC is received.

In this case, Downs filed a timely charge with the EEOC, which immediately filed a copy with the DFEH and provided timely notice of the charge to DWP. Since the FEHA action is based on identical facts and charges as those investigated by the EEOC, DWP cannot claim to have been prejudiced in its ability to gather evidence to defend against the FEHA cause of action. Downs reasonably awaited the outcome of the EEOC investigation and promptly filed his state law action within three months of receiving the right-to-sue letter from the EEOC.

Tolling the one-year statute satisfies the policy considerations discussed above. The DFEH apparently issues a "right-to-sue" letter under its work-sharing agreement with the EEOC upon deferral of the investigation to the EEOC. If the one-year statute were not tolled, a plaintiff would often be compelled to pursue a state law action before the EEOC had completed its investigation. If the EEOC issued an accusation or achieved conciliation, the state law action would become redundant or moot. Tolling the one-year statute for bringing the FEHA action until the EEOC completes its determination provides a defendant with notice of the charges, but relieves a plaintiff from pursuing duplicative actions simultaneously on the same set of facts. Moreover, disposition of a case by the EEOC may render a state court action unnecessary or easier and less expensive to resolve.

We conclude that the trial court erred in sustaining DWP's demurrer on the ground that the FEHA cause of action stated in the complaint was time-barred.[4]

## DISPOSITION

The judgment (order of dismissal) is reversed. Appellant Downs is awarded his costs on appeal.

Turner, P. J., and Godoy Perez, J., concurred.

Respondents' petition for review by the Supreme Court was denied January 28, 1998.

---

[4]Because we conclude the order of dismissal must be reversed as to the FEHA cause of action, we need not decide whether the one-year statute of limitations set forth in Code of Civil Procedure section 340, which is applicable to Downs's causes of action under the California Constitution, article I, section 8 and Civil Code section 51, was also equitably tolled. We also do not reach the merits of any other grounds for the demurrer. On remand, the trial court may consider the additional grounds and exercise its discretion as to any amendment of the complaint.